UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OUMAR TANGARA,

Petitioner,

-v-

LADEON FRANCIS, in his official capacity as Acting Field Office Director, New York Field Office, U.S. Immigration and Customs Enforcement,

Respondents.

26cv6056 (DLC)

MEMORANDUM OPINION AND ORDER

DENISE COTE, District Judge:

On July 17, 2026, Oumar Tangara filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") in this Court, alleging that his detention since March 2, 2026, violated federal law and his Due Process rights. An Order of July 17 set forth a briefing schedule for the Petition.

Having failed to obtain the petitioner's consent to transfer the Petition to the Eastern District of New York, on July 24, respondents filed a motion to transfer the Petition on the ground that Mr. Tangara was located at the Metropolitan Detention Center ("MDC") within the Eastern District of New York at the time the Petition was filed -- not within the Southern District of New York. The motion became fully submitted on August 7, 2026.

Respondents' motion was supported by a declaration from a U.S. Immigration and Customs Enforcement ("ICE") officer who reviewed DHS and ICE records to confirm that Mr. Tangara was transported from 26 Federal Plaza (within the Southern District of New York) to the MDC (within the Eastern District of New York) at 9:45 a.m. on July 17, 2026. The Petition was then filed approximately 20 minutes later, at 10:06 a.m.

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). "The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Id. at 443. Mr. Tangara does not dispute that he was located in the Eastern District of New York at the time the Petition was filed. Thus, the Eastern District of New York is "the only district in which the petition could have been brought at the time it was filed." Öztürk v. Hyde, 136 F.4th 382, 391 (2d Cir. 2025) (citing Padilla, 542 U.S. at 443).[1] Accordingly, it is hereby

---

[1] While Mr. Tangara refers to the "unknown custodian" exception to the habeas filing rule, that exception does not apply here. The Supreme Court has noted that the exception applies when "a prisoner is held in an undisclosed location by an unknown custodian" and it is thus "impossible to apply the immediate custodian and district of confinement rule." Padilla, 542 U.S.

ORDERED that this case is transferred to the United States District Court for the Eastern District of New York.

IT IS FURTHER ORDERED that the Clerk of Court is directed to transfer the action to the United States District Court for the Eastern District of New York immediately and notwithstanding Local Rule 83.1 and then to close the case in this Court.

Dated: New York, New York
August 11, 2026

DENISE COTE
United States District Judge

at 450 n.18. Here, petitioner's counsel only contends that he filed the petition in the Southern District of New York at 10:06 a.m. on July 17 based on a review of ICE's Detainee Locator page at some point before 9:00 a.m. Counsel does not claim that it was impossible to confirm petitioner's location at the time of filing.